UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 8); PLAINTIFF'S MOTION TO REMAND TO CALIFORNIA SUPERIOR COURT (DKT. 15)

**I.     Introduction**

Luis Marquez ("Plaintiff") filed this action in the Los Angeles Superior Court. Complaint, Dkt. 1 (Ex. 2). The Complaint names U.S. Bank, N.A. ("U.S. Bank" or "Defendant") and Old Republic Default Management Services ("Old Republic").[1] It advances five causes of action that arise under California law. Each concerns alleged improprieties by Defendant in connection with Plaintiff's attempts to obtain relief from his home loan because he had experienced financial difficulties. U.S. Bank removed the action. Dkt. 1.

On September 8, 2015, U.S. Bank filed a motion to dismiss ("Motion to Dismiss") in which it argues that most of the claims advanced are barred by the doctrine of res judicata, or in the alternative, that the Complaint fails to state any claim upon which relief can be granted. Dkt. 8. Plaintiff filed an untimely opposition to the Motion to Dismiss. Dkt. 21.[2] U.S. Bank filed a reply. Dkt. 23.

On September 30, 2015, Plaintiff filed a motion to remand the action to the Los Angeles Superior Court ("Motion to Remand"). Dkt. 15. U.S. Bank filed an opposition to the Motion to Remand. Dkt. 19. Plaintiff did not file a reply.

A hearing on the Motion to Dismiss and Motion to Remand was held on January 11, 2016, and the matters were taken under submission. Dkt. 30. For the reasons stated in this Order, the Motion to Remand is **DENIED**, and the Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**.

---

[1] Pursuant to Cal. Civ. Code § 29241, Old Republic filed a declaration of nonmonetary status in the Los Angeles Superior Court. Dkt. 29 at 2.
[2] Plaintiff's opposition was due on September 29, 2015. It was filed on October 22, 2015, which was approximately a month after it was due and after U.S. Bank had filed a notice of non-opposition. Dkt. 17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

## II.   Factual Background

Plaintiff has resided at 7393 Perigord Court in Los Angeles, California ("Property"), since he purchased it in 2002. Dkt. 1 (Ex. 2 ¶ 8). In April 2007, Plaintiff executed a promissory note ("Note") in the amount of $738,000, and deed of trust, securitizing the Note. *Id.* ¶ 9. The deed of trust lists Downey Savings and Loan Association, F.A. as the lender and beneficiary, and DSL Service Company as the trustee. *Id.* In November 2008, the beneficial interest in the deed of trust was assigned to U.S. Bank. Request for Judicial Notice ("RJN"), Dkt. 9 (Ex. 2). In October 2014, Old Republic was substituted as trustee under the deed of trust. *Id.* (Ex. 6).

The Complaint alleges that in June 2008, Plaintiff's father became ill, which caused financial difficulties for Plaintiff. Dkt. 1 (Ex. 2 ¶¶ 11-12). Shortly thereafter, Plaintiff contacted U.S. Bank to request assistance in connection with his obligations under the Note. *Id.* ¶ 12. A U.S. Bank representative informed Plaintiff that he must continue making his scheduled payments, and that he would be contacted in the future with loan modification options that might assist him. *Id.* ¶ 13. U.S. Bank did not contact Plaintiff. *Id.* ¶ 14. During this time, Plaintiff repeatedly contacted U.S. Bank but was "merely shuffled around to different individuals in different departments." *Id.* ¶ 15. Plaintiff's father died in September 2008, which increased the level of Plaintiff's financial difficulties. *Id.* ¶ 16.

In January 2009, Plaintiff told a U.S. Bank representative that, although he was current on his payments of the Note, he would be unable to continue to make timely ones. *Id.* ¶ 17. The representative told Plaintiff that he could apply for a loan modification. *Id.* ¶ 18. Plaintiff did so, by promptly providing all requested documents. *Id.* Over the course of the next year, Plaintiff had difficulties communicating with U.S. Bank about the status of his application. *Id.* ¶¶ 19-21. He was often told to call back in two weeks for an update. *Id.* ¶ 20.

In June 2010, Plaintiff failed to make a monthly payment for the first time since he signed the Note. *Id.* ¶ 21. In February 2011, a notice of default was recorded against the Property. *Id.* ¶ 22.

Over the next four years, U.S. Bank representatives repeatedly provided Plaintiff with inconsistent information regarding the status of his loan modification application. *Id.* ¶ 23. For example, representatives informed Plaintiff that foreclosure proceedings had not been initiated. *Id.* However, at other times, representatives informed him that a deed in lieu was the only available option to a foreclosure. *Id.*

In November 2014, U.S. Bank recorded a notice of trustee's sale, with a foreclosure sale date in December 2014. *Id.* ¶ 24. Plaintiff informed a U.S. Bank representative that his income would be increasing. *Id.* ¶ 26. The representative informed Plaintiff that he could submit a new loan modification application based on his changed financial circumstances. *Id.* Plaintiff submitted all documents necessary for the new loan modification application. U.S. Bank took no action on it. *Id.*

In December 2014, on the day before the scheduled foreclosure, Plaintiff commenced an action in the Los Angeles Superior Court against Defendants alleging unlawful conduct throughout the loan

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

modification process. *Id.* ¶ 27. After the action was filed, Plaintiff's counsel contacted a U.S. Bank representative and arranged for Plaintiff to meet with a loan modification processor. *Id.* Thereafter, because Plaintiff "believed things were finally on track for him to receive a good faith loan modification review," he dismissed the Superior Court action with prejudice in February 2015. *Id.*

The Complaint alleges that U.S. Bank again failed to respond to Plaintiff's loan modification application. *Id.* ¶ 29. Shortly thereafter, and with the assistance of counsel, Plaintiff submitted a third loan modification application. *Id.* ¶ 30. On February 19, 2015, U.S. Bank sent a letter to Plaintiff in which it acknowledged the receipt of the third loan modification application. *Id.* ¶ 31. Over the next few months, U.S. Bank requested additional documents to support the application; Plaintiff complied with each request. *Id.* ¶¶ 32-33.

On June 24, 2015, Plaintiff's loan modification processor received confirmation from U.S. Bank representative Carla Austin that U.S. Bank had "everything it needs," that Plaintiff's application was "complete," and that the application was "going to underwriting." *Id.* ¶ 36. Since that date, Plaintiff has not received any additional requests for documents. *Id.* ¶ 37.

On July 3, 2015, U.S. Bank sent a letter to Plaintiff in which it stated that his third loan modification application was denied because he failed to submit all requested documents. *Id.* ¶ 38. "The letter did not contain the required information for appealing the decision." *Id.* After Plaintiff received the letter, his loan modification processor called U.S. Bank and left a voicemail stating the view that the denial was made in error. *Id.* ¶ 39. The processor also requested information on how to appeal the determination. *Id.* U.S. Bank did not respond to these inquiries or similar ones by Plaintiff. *Id.* ¶¶ 40-42.

Subsequently, Plaintiff received a notice stating that a trustee's sale with respect to the Property was scheduled for August 12, 2015. *Id.* ¶ 43. On that date, Plaintiff filed the instant Complaint. U.S. Bank asserted that as of September 8, 2015 -- the date of filing of the Motion to Dismiss -- no foreclosure sale has occurred. Dkt. 8 at 11.

**III.    Analysis**

    **A.    Motion to Remand**

        **1.    Legal Standard**

Federal courts have limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, a determination of subject matter jurisdiction must be made before the merits of an action can be addressed. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Diversity jurisdiction exists only where a civil action is between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time a court determines that it is without subject matter jurisdiction, it should dismiss or remand the action. 28 U.S.C. § 1447(c).

Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). The party asserting diversity jurisdiction bears the burden of proof. *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

        2.      <u>Application</u>

U.S. Bank asserts diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1. Because the action concerns a $738,000 loan secured by the Property, U.S. Bank claims that the $75,000 amount in controversy requirement is satisfied. *Id.* ¶ 12. It also claims that Plaintiff is a citizen of California, that U.S. Bank is a citizen of Ohio, and that Old Republic is a citizen of Minnesota. *Id.* ¶¶ 6-8.

Plaintiff responds with three arguments. *First*, Plaintiff Old Republic is a citizen of California because its "own website advises that its 'Main Office' is located in Orange, California." Dkt. 15 at 6. *Second*, pursuant to 28 U.S.C. § 1441(c), removal is improper because state law predominates in this action. *Id. Third*, federal courts lack jurisdiction over the subject Property. *Id.* at 7. Each of these arguments lacks merit. They are addressed in the same sequence.

The citizenship of nominal parties is disregarded for purposes of determining diversity jurisdiction. *See, e.g.*, *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 751 (9th Cir. 2011) (the citizenship of nominal parties "d[oes] not count for determining diversity"); *People of State of California ex rel. McColgan v. Bruce*, 129 F.2d 421, 423 (9th Cir. 1942) ("It is true that the nominal party plaintiff will be disregarded [for purposes of determining diversity jurisdiction]."). Old Republic has filed a declaration of nonmonetary status. This confirms that it is a nominal party. *See Silva v. Wells Fargo Bank NA*, 2011 WL 2437514, *3 (C.D. Cal. June 16, 2011) ("District courts have recognized that defendants who file a declaration of non-monetary status to which plaintiffs do not object are merely nominal parties whose citizenship does not count for diversity jurisdiction purposes."); *Chancellor v. OneWest Bank*, 2012 WL 3834951, *2 (N.D. Cal. Sep. 4, 2012) (a defendant trustee was "no longer considered a party to this action" where it filed a declaration of nonmonetary status in Alameda Superior Court more than 15 days prior to removal and no objection was made). These are the facts here. Plaintiff did not object to the filing by Old Republic, and its role is limited to the processing with respect to the Note. It is not a decision-maker.

Even if the citizenship of Old Republic were deemed relevant, Defendant has presented evidence to support the position that Old Republic is a citizen of Florida. Old Republic is an unincorporated division of Old Republic National Title Insurance Company. Perez Decl., Dkt. 20 ¶ 3. An unincorporated division of a corporation is not an independent entity. Therefore, its citizenship is the same as the corporation of which it is a part. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) ("A division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes." (internal quotation marks omitted)); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 939 (C.D. Cal. 2011) ("Ninth Circuit precedent holds that, unlike a legally incorporated subsidiary, an unincorporated division of a corporation does not possess the formal separateness required and is therefore not an independent entity for jurisdictional purposes.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | | Date | May 16, 2016 |
|---|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | | |

Old Republic National Title Insurance Company is a citizen of Florida. A corporation is a citizen of the state in which it is incorporated and, if different, the one in which its principal place of business is located. 28 U.S.C. 1332(c). Old Republic National Title Insurance Company is incorporated in Florida. *See* Perez Del., Dkt. 20 ¶ 7; *see also* Articles of Incorporation of Old Republic National Title Insurance Company, Dkt. 20 (Ex. A at 5). Its principal place of business is also there. *See* Perez Del., Dkt. 20 ¶ 8; *see also* Articles of Incorporation of Old Republic National Title Insurance Company, Dkt. 20 (Ex. A at 5) (locating the corporation's "principal office" in Tampa, Florida).[3]

Plaintiff also argues that 28 U.S.C. § 1441(c) "provide[s] for remand when state law predominates in a removed action containing separate and independent removable and non-removable claims." Dkt. 15 at 6. Section 1441(c) provides that when a state court case includes a removable federal claim and "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," a defendant can still remove "the entire action . . . if the action would be removable without the inclusion of the [nonremovable] claim." However, after the removal of such an action, the district court must sever the nonremovable claims and "shall remand the severed claims to the State court from which the action was removed." *Id.* Thus, the statute applies only to actions in which both federal and state law claims are advanced. Here, there are no federal claims. Complaint, Dkt. 1 (Ex. 2).

Equally unpersuasive is Plaintiff's argument that there is no subject matter jurisdiction because the Property is "exclusively the jurisdiction of the State of California" as the action was "commenced in State court, who asserted jurisdiction first." Dkt. 15 at 7. Pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332, if there is complete diversity between parties and the amount in controversy exceeds $75,000, subject matter jurisdiction is established. Plaintiff cites *Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922) in arguing that "where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction." This language is drawn from an analysis as to when it is proper for a court to grant a stay when there are parallel state and federal actions. It does not apply here.

For the foregoing reasons, U.S. Bank has met its burden of establishing diversity jurisdiction under 28 U.S.C. § 1332. Therefore, the Motion to Remand is **DENIED**.

    B.    Motion to Dismiss

        1.    <u>Legal Standard</u>

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not include detailed factual allegations, but must provide more than

---

[3] Old Republic National Title Insurance Company acknowledges that its officers and senior executives work out of both its Tampa, Florida and Minneapolis, Minnesota offices. Perez Decl., Dkt. 20 ¶ 8. Even if activities in Minnesota were considered and it were deemed a citizen of both Minnesota and Florida, it would not change the analysis, because Plaintiff is a citizen of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | | Date | May 16, 2016 |
|---|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | | |

a "formulaic recitation of the elements of a cause of action." *Id.* at 545. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may bring a motion to dismiss a cause of action that fails to state a claim. It is appropriate to grant such a motion only where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

      2.    <u>Application</u>

As noted, the Complaint advances five causes of action: (i) violations of California's Homeowners Bill of Rights ("HBOR"), Cal. Civ. Code §§ 2923 *et seq.*; (ii) negligence; (iii) negligent misrepresentation; (iv) cancellation of instruments; and (v) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Defendant argues that most of these claims are barred by the doctrine of res judicata, or in the alternative, that the Complaint fails to state any claim upon which relief can be granted.

      a)    Res Judicata

As noted, on December 11, 2014, Plaintiff filed an action in the Los Angeles Superior Court, *Marquez v. U.S. Bank, N.A., et al.*, No. BC566292. Complaint, Dkt. 1 (Ex. 2 ¶ 27, 28); RJN, Dkt. 9 (Ex. 8). The complaint ("Prior Complaint") advanced four of the five claims that are asserted in the present action: (i) violations of HBOR; (ii) promissory estoppel; (iii) negligence; (iv) negligent misrepresentation; and (v) UCL violations. All but the promissory estoppel claim are advanced in this action, which also includes a claim for the cancellation of instruments. The Prior Complaint contained almost identical factual allegations to the ones asserted in the Complaint. *Compare* RJN, Dkt. 9 (Ex. 8 ¶¶ 8-30) *with* Complaint, Dkt. 1 (Ex. 2 ¶¶ 8-26). Also as noted, on February 17, 2015, Plaintiff dismissed the action with prejudice. RJN, Dkt. 20 (Ex. 9).

"To determine the preclusive effect of a state court judgment, federal courts look to state law." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). "[R]es judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896 (2002). Under California law, "for purposes of applying the doctrine of res judicata . . . a dismissal with prejudice is the equivalent of a final judgment on the merits." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 793 (2010) (citing *Roybal v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | | Date | May 16, 2016 |
|---|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | | |

*Univ. Ford*, 207 Cal. App. 3d 1080, 1086-87 (Cal. Ct. App. 1989) ("The statutory term 'with prejudice' clearly means the plaintiff's right of action is terminated and may not be revived. . . . [A] dismissal with prejudice . . . bars any future action on the same subject matter.")). In *Boeken*, the California Supreme Court affirmed a finding of of res judicata where the plaintiff dismissed an action with prejudice four months after filing, even where the record did not show the reason for dismissal. 48 Cal. 4th at 793.

Defendant argues that, to the extent Plaintiff's current claims are based on factual allegations that predate the February 2015 dismissal, those claims are barred. Plaintiff responds that a voluntary dismissal with prejudice is not treated as a final judgment on the merits. However, he offers no legal authority to support this position. A review of the cases that Plaintiff has cited shows that only one involved the application of res judicata when a Plaintiff dismissed a prior action with prejudice. In that case the court held: "Plaintiff dismissed her previous action with prejudice. Because such a dismissal is the equivalent of a final judgment on the merits, plaintiff may not now litigate the same primary right a second time." *Boeken*, 48 Cal. 4th at 804 (internal citations omitted).

For these reasons, all claims advanced in the present action that were or could have been brought prior to the February 17, 2015 dismissal of the Prior Complaint are barred. *See Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 576 (Cal. Ct. App. 2010) (the doctrine of res judicata bars matters "which were raised or could have been raised, on matters litigated or litigable").

b) First Cause of Action: Violations of HBOR

Plaintiff alleges several HBOR violations.

(1) Dual Tracking -- Violation of Cal. Civ. Code § 2923.6

Section 2923.6(c) prohibits "dual tracking," in which a lender or servicer proceeds with the foreclosure process while reviewing a loan modification application or other foreclosure relief:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

A servicer may not record a notice of sale or conduct a trustee's sale until it "makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired." *Id.* Following the denial of a loan modification application, the servicer must send a written notice to the borrower identifying the reasons for denial. *Id.* § 2923.6(f). Such a notice must include the "amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial." *Id.*

Section 2923.6(d) provides that if an application is denied, the borrower shall have 30 days to appeal the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

decision. If the borrow appeals, a servicer may not proceed with a foreclosure sale until at least 15 days after the denial of the appeal. *Id.* § 2923.6(e)(2).

The Complaint alleges that on June 22, 2015, Plaintiff submitted requested documents in connection with his loan modification application. Complaint, Dkt. 1 (Ex. 2 ¶ 59). It also alleges that on June 24, 2015, U.S. Bank representative Carla Austin informed Plaintiff that his application was "complete" and "going to underwriting," and that U.S. Bank did not request any additional documents after June 24, 2015. *Id.* ¶¶ 60, 61. However, on July 3, 2015, U.S. Bank sent a letter to Plaintiff in which it stated that his application was denied for a failure to submit requested documents. *Id.* ¶ 62. U.S. Bank did not provide Plaintiff with necessary forms for an appeal, as requested. *Id.* ¶¶ 64-65. U.S. Bank then scheduled a foreclosure sale for August 12, 2015. Dkt. 21 at 7.

Based on this chronology, Plaintiff argues that he submitted a complete loan modification application for which he never received a written determination on the merits. As a result, Plaintiff argues that, at the time the foreclosure process commenced, this application was still "pending" within the meaning of Section 2923.6. Therefore, he argues that the Complaint states a claim for a violation of HBOR, because Defendant engaged in dual tracking. Plaintiff also argues that U.S. Bank's failure to provide him with the documents that he needed to complete to pursue an appeal violated Section 2923.6(f).

U.S. Bank responds that, because the loan modification application was denied by its letter dated June 3, 2015, no review was "pending" at the time the trustee's sale was scheduled. Dkt. 8 at 16-17. Thus, it was proper to schedule the trustee's sale for August 12, 2015, which was more than 31 days after the loan modification application was denied. *Id.* at 17. U.S. Bank also argues that Plaintiff "has not actually pled a violation of Section 2923.6 at all," because the last recorded document was a notice of trustee's sale, recorded on November 12, 2014, scheduling the sale for December 12, 2014. Dkt. 23 at 6. Here, Plaintiff only contends that U.S. Bank scheduled the trustee's sale for August 12, 2015. Scheduling a sale, U.S. Bank argues, is not a prohibited act under the statute. *Id.* (citing Cal. Civ. Code § 2923.6(c) ("shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs").

The Motion is granted in part and denied in part as to this claim, with leave to amend. First, the allegations in the Complaint are insufficient to state a claim for dual tracking. The applicable regulation prohibits recording a notice of default or sale and conducting that sale. Here, the Complaint alleges only that Defendant scheduled the trustee's sale for August 12, 2015. However, the Complaint sufficiently alleges that U.S. Bank failed to provide instructions about the appeal process, as required by Section 2923.6(f). It provides that a mortgage servicer must include with its denial of a first lien loan modification application the "amount of time from the date of the denial letter in which the borrower may request an appeal of the denial of the first lien loan modification and instructions regarding how to appeal the denial." The Complaint alleges that that denial letter did not contain this information. Complaint, Dkt. 1 (Ex. 2 ¶ 38).

        (2)    <u>Single Point of Contact ("SPOC") -- Violation of Cal. Civ. Code § 2923.7</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

Section 2923.7 provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." The SPOC is responsible for all of the following:

> (1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.
> (2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.
> (3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.
> (4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.
> (5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

*Id.* § 2923.7(b)(1-5).

The Complaint alleges that U.S. Bank failed to provide Plaintiff with a SPOC who could effectively handle the loss mitigation process. It alleges that each SPOC who was assigned repeatedly failed to respond to Plaintiff's requests for assistance. Plaintiff contends that this violated Cal. Civ. Code. § 2923.7(b)(1-5).

U.S. Bank argues that the obligations imposed by § 2923.7(b) do not arise until a borrower specifically requests a single point of contact. ("*Upon request* from a borrower who requests a foreclosure prevention alternative . . .") (emphasis added). The Complaint does not allege that Plaintiff ever requested a SPOC.
.
The Motion is granted in part and denied in part with respect to this claim. To the extent Plaintiff's claims are based on whether a SPOC was assigned prior to his dismissal of the Prior Complaint, or the adequacy of the conduct of any such SPOC, those claims are precluded under res judicata. However, the Complaint alleges that at least two persons were assigned as a SPOC after the dismissal of the Prior Complaint. The Complaint also alleges that neither of those SPOCs was "able to effectively communicate current information about the status of Plaintiff's loan modification application." Dkt. 1 (Ex. 2 ¶ 72). It also alleges that those SPOCs "clearly [did not] have access to individuals with the ability to halt the foreclosure process, because Defendants are moving forward with the scheduled foreclosure sale despite Defendant's failure to provide Plaintiff with all of his post-denial options." *Id.* These allegations constitute distinct violations of Section 2923.7(b) and are sufficient to state a claim for relief. The Complaint details Plaintiff's continued inability to communicate with U.S. Bank following the dismissal of the earlier action. *See* Dkt. 1 (Ex. 2 ¶¶ 47-48) (discussing Plaintiff's "inability to speak with anyone at U.S. Bank").

Finally, the argument by U.S. Bank that borrowers are only afforded the protections of this statute if they

Case 2:15-cv-06658-JAK-E   Document 35   Filed 05/16/16   Page 10 of 15   Page ID #:579

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | | Date | May 16, 2016 |
|---|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | | |

make a specific request for a SPOC is not well established. Indeed, other courts have rejected it. *See, e.g.*, *Hild v. Bank of America, N.A.*, 2015 WL 401316, at \*7 (C.D. Cal. Jan. 29, 2015) ("First, Nationstar argues that a loan servicer has no duty to appoint a SPOC until the borrower requests one, and Plaintiffs fail to allege that they made such a request. However, Nationstar's interpretation is clearly at odds with the statutory language. California Civil Code § 2923.7(a) does not condition the appointment of a SPOC on a borrower's specific request for such a contact; instead the statutory provision requires a SPOC to be appointed when a borrower 'requests a foreclosure prevention alternative, such as a loan modification.'" (internal citations omitted)); *Hixson v. Wells Fargo Bank NA*, 2014 WL 3870004, at \*5 n.4 (N.D. Cal. Aug. 6, 2014) ("Defendant argues that the language of § 2923.7 requires borrowers to affirmatively request a single point of contact and that the FAC does not allege that plaintiff ever requested one. However, defendant does not dispute that plaintiff was provided with multiple single points of contact, and thus defendant's argument is moot and the Court need not address it here.").

(3) <u>Violations of Cal. Civ. Code §§ 2924(a)(6) (Standing to Foreclose), 2924.17 (Evidence Requirements), and 2923.55 (Notice Requirements)</u>

Section 2924(a)(6) provides that "[n]o entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." Section 2924.17 requires that all recorded documents be accurate, complete and supported by competent and reliable evidence. Finally, Section 2923.55 requires that a mortgage servicer take certain actions prior to recording a notice of default, including contacting the borrower. The Complaint alleges that U.S. Bank "failed to establish that it is the beneficial interest under the mortgage or deed of trust." Dkt. 1 (Ex. 2 ¶ 78).

These claims are barred by the doctrine of res judicata. Each violation is based on the recording of either a notice of default or a notice of trustee's sale without actual authority, without reviewing its contents for reliable evidence and without contacting the borrower in advance. Here, the last document in the chain of title as to the Property was recorded on November 12, 2014. Complaint, Dkt. 1 (Ex. 2 ¶ 24); RJN, Dkt. 9 (Ex. 7).[4] As a result, Plaintiff is barred from asserting these claims because they were raised in the Prior Complaint (RJN, Dkt. 9 (Ex. 8 ¶¶ 44-50)) and predate its dismissal with prejudice in February 2015.

(4) <u>Written Acknowledgment of Receipt -- Violation of Cal. Civ. Code § 2924.10(a)</u>

Section 2924.10(a) provides:

When a borrower submits a complete first lien modification application or any document in

---

[4] The Complaint does allege that the Section 2924.17 claim "requires that [Defendants] must ensure that all recorded documents (including the NOTS filed this year) are proven to be complete and accurate." Dkt 1 (Ex. 2 ¶ 76). This appears to be a cut and paste from the Prior Complaint (RJN, Dkt. 9 (Ex. 8 ¶ 45)), as no Notice of Trustee's Sale has been filed in 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

connection with a first lien modification application, the mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt.

The Complaint alleges that Plaintiff submitted loan modification documents "a number of times since February 2015, but the Defendant . . . did not provide Plaintiffs with the required written confirmation of the each [sic] submission within five days of receipt for each submission, if at all." Dkt. 1 (Ex. 2 ¶ 85). Plaintiff refers specifically to documents submitted on June 22, 2015, receipt of which was confirmed orally by U.S. Bank representative Carla Austin on June 24, 2015. *Id.* ¶¶ 86-87.

A plaintiff is only entitled to relief if he can show that the violation was "material." Cal. Civ. Code § 2924.12(a)(1). Courts have interpreted the term "material" to refer to whether the violation affected the loan modification process. *See, e.g.*, *Hsin-Shawn Sheng v. Select Portfolio Servicing, Inc.*, 2015 WL 4508759, at *3 (E.D. Cal. July 24, 2015).

U.S. Bank appears to concede that Plaintiff did not receive written confirmation of receipt of the June 24, 2015 documents. However, it argues that receiving written acknowledgment of the documents -- whose receipt by Defendant was confirmed to Plaintiff orally -- would not have had any effect on the loan modification process. Plaintiff argues that written confirmation of receipt could have made "all the difference in the world." Dkt. 21 at 11. If Plaintiff contends that if he possessed written confirmation of receipt of the documents, which he alleges served to complete his loan modification application, he would be able to demonstrate that the denial of his loan modification application for failure to receive required documents, can be shown to have been in error.

Section 2924.10(a) applies only to the first application by a borrower for a lien modification. The Complaint alleges that Plaintiff submitted his first application in or around January 2009. Dkt. 1 (Ex. 1 ¶¶ 17-18) ("Finally, in or around January 2009, Plaintiff finally reached someone at US BANK. . . . The representative informed [Plaintiff] that he could apply for a loan modification, as he would likely qualify for a lower payment. . . . Plaintiff promptly provided all requested documents as instructed by the Defendant's representative."). Thus, Defendants were only required to provide written acknowledgement of receipt of documents in connection with this initial application. Because these claims predate the February 2015 dismissal with prejudice, they are barred by res judicata for the reasons stated earlier.

\*          \*          \*

For the reasons stated above, the Motion is **GRANTED IN PART and DENIED IN PART** as to the first cause of action.

          c)      Second Cause of Action: Negligence

"In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003). The Complaint alleges that U.S. Bank's "repeated and systemic pattern of misconduct and incompetence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

with respect to Plaintiff's most recent loan modification efforts" constituted negligence.

U.S. Bank argues that this claim fails because there is no common law duty of care in the traditional lender/servicer-borrower relationship. Plaintiff contends that this traditional rule does not apply to the relationship between loan servicers and borrowers in the context of certain loan modifications.

*Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089 (Cal. Ct. App. 1991) provides the basic framework on this issue. It holds that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Id.* at 1096. Citing *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958), the Court of Appeal identified six factors for determining whether there is an exception to this general rule: "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." *Nymark*, 231 Cal. App. at 1098.

Plaintiff claims that all of these elements are satisfied because: (i) by engaging in the loan modification process and inviting Plaintiff to submit a new application based on his changed financial circumstances, the transaction was intended to affect Plaintiff because it had the potential to avoid a default on the Note and a foreclosure on the Property; (ii) there was substantial foreseeability of harm to Plaintiff if the process were not undertaken appropriately because it could result in his loss of the Property; (iii) Plaintiff suffered clear injury because he could not cure the default on the Note; (iv) U.S. Bank's conduct and Plaintiff's injury are closely related because Plaintiff qualified for a loan modification and but for Defendant's negligence, would have received it; (v) Defendant had financial incentives to mishandle the loan modification process because it would facilitate foreclosure; and (vi) there is a strong public policy in favor of protecting homeowners from foreclosure. Dkt. 1 (Ex. 2 ¶¶ 104-09).

The California Courts of Appeal have reached different conclusions as to this issue. *Compare Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 948 (Cal. Ct. App. 2014) (servicer has no general duty to offer modification, but a special relationship does arise when servicer agrees to consider borrower's application for modification), *and Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 906 (Cal. Ct. App. 2013) (duty of care arises with respect to commercial mortgage lending), *with Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (2013) (residential loan modification is traditional lending activity and does not create duty of care).[5]

Federal district courts in California also have reached different conclusions on this issue. *Compare, e.g.*, *Segura v. Wells Fargo Bank, N.A.*, 2014 WL 4798890, at *5 (C.D. Cal. Sept. 26, 2014) (under *Alvarez*

---

[5] The Ninth Circuit has issued two decisions on this issue that are without precedential effect. Each had a different result, based on recent decisions by California Courts of Appeal. *Compare Benson v. Ocwen Loan Servicing, LLC*, 562 F. App'x 567, 570 (9th Cir. 2014) (on review of motion for summary judgment, applying *Lueras* to find no duty, and limiting *Jolley* to construction lending), *with Yau v. Deutsche Bank Nat. Trust Co. Americas*, 525 F. App'x 606, 609 (9th Cir. 2013) (reversing trial court's dismissal with prejudice of residential borrowers' negligence claim in light of recent *Jolley* decision).

Case 2:15-cv-06658-JAK-E   Document 35   Filed 05/16/16   Page 13 of 15   Page ID #:582

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

duty of care exists once lender offers borrowers opportunity to apply for a modification), *Penermon v. Wells Fargo Home Mortgage*, 2014 WL 4273268 (N.D. Cal. Aug. 28, 2014) (plaintiff was not entitled to modification, but "once [defendant] provided Plaintiff with the loan modification application and asked her to submit supporting documentation, it owed her a duty to process the completed application once it was submitted"), *and Chancellor v. OneWest Bank*, 2012 WL 1868750 (N.D. Cal. May 22, 2012) (allegation that lender failed properly to process loan modification application it had solicited stated a claim for purposes of motion to dismiss), *with Badame v. JP Morgan Chase Bank, N.A.*, 2014 WL 585451 (C.D. Cal. Feb. 13, 2014) (no duty created by modification application), *and Williams v. Wells Fargo Bank, NA*, 2014 WL 1568857 (C.D. Cal. Jan. 27, 2014) (applying *Lueras* to find no duty).

Viewed collectively, these cases establish that traditional money-lending activity does not create a duty of care (*Nymark*), and that a loan modification is generally deemed a traditional money-lending activity (*Lueras*). They also support the conclusion that servicer conduct during the modification negotiation process may create a special relationship and a resulting duty of care (*Alvarez*). Plaintiff has sufficiently alleged the creation of such a relationship. He claims that U.S. Bank invited Plaintiff to submit multiple loan modification applications, based on his changed financial circumstances. For purposes of this Motion, this is sufficient to allege that U.S. Bank had a duty to exercise care in processing Plaintiff's applications. The precise scope of such a duty in this action will be determined based on the factual record that is later developed.

For the foregoing reasons, the Motion is **DENIED** as to the second cause of action.[6]

                d)        Third Cause of Action: Negligent Misrepresentation

The elements of a negligent misrepresentation claim are: (i) a misrepresentation as to a material fact; (ii) that was made without a reasonable basis to believe it was true; (iii) with an intent to induce the reliance by the plaintiffs; (iv) the plaintiffs' ignorance of the truth and justifiable reliance on the misrepresentation; and (v) resulting damage to the plaintiffs. *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 983 (Cal. Ct. App. 2003). The Complaint alleges that Carla Austin, who was a U.S. Bank representative, made a misrepresentation to Plaintiff when, on June 24, 2015, she informed him that his loan modification application was "complete" and going to underwriting. Complaint, Dkt. 1 (Ex. 2 ¶ 121). Because U.S. Bank informed Plaintiff by letter on July 3, 2015, that his loan modification application was denied for failure to submit required documents, Plaintiff alleges that Austin's statement was made without

---

[6] U.S. Bank argued for the first time in its reply brief that even if it owed Plaintiff a duty of care, his claim would fail because he has not suffered any damages. This issue is not considered in this Order because it is improper to raise new matters in a reply brief. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Indeed, "arguments not raised by a party in its opening brief are deemed waived." *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006); *see also Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). Otherwise, obvious prejudice would result to Plaintiff, who is denied the opportunity to respond. *See In re Intuit Privacy Litig.*, 138 F. Supp. 2d 1272, 1275 (C.D. Cal. 2001) (declining to consider arguments first raised in a reply brief "as to do so would unfairly deny the non-moving party an opportunity to respond").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-06658 JAK (Ex) | | Date | May 16, 2016 |
|---|---|---|---|---|
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | | |

reasonable grounds.

U.S. Bank first argues that Plaintiff's claim fails because it did not owe Plaintiff a duty of care. This argument was addressed above. U.S. Bank next argues that, because negligent misrepresentation is a "species" of fraud, Fed. R. Civ. P. 9(b) mandates that a complaint provide particularity as to the time, place and manner of each alleged action by a defendant. It argues that Plaintiff has not met this standard. Finally, it argues that there is no causal link between the alleged misrepresentation and the injury, in that the foreclosure occurred because Plaintiff failed to make the required, timely payments on the Note.

The Complaint sufficiently alleges the basis for this cause of action. It alleges that, during the morning of June 24, 2015, Carla Austin, a U.S. Bank representative, called Plaintiff's counsel's office and spoke with a paralegal. It next alleges that she informed the paralegal that U.S. BANK "had everything it needed," that Plaintiff's loan modification application was "complete" and the application "was going to underwriting." Complaint, Dkt. 1 (Ex. 2 ¶ 121). Further, the allegations of damage are sufficient because they allege that Plaintiff relied on the claimed representations in concluding that he did not have to submit any further information to Defendant in support of his application or pursue other foreclosure prevention alternatives. Because there was a later foreclosure, a causal link to the alleged misrepresentation has been alleged.

For these reasons, the Motion is **DENIED** as to the third cause of action.

        e)        Fourth Cause of Action: Cancellation of Instruments

Plaintiff's cancellation of instruments claim involve requests to rescind a notice of default recorded on February 28, 2011, and a notice of trustee's sale recorded on November 12, 2014. These claims predate the February 2015 dismissal with prejudice and are barred by the doctrine of res judicata. The Motion is **GRANTED** as to the fourth cause of action.

        f)        Fifth Cause of Action: UCL Violations

Section 17200 protects consumers and competitors by "promoting fair competition in commercial markets for goods and services." *Duste v. Chevron Products Co.*, 738 F. Supp. 2d 1027, 1047 (N.D. Cal. 2010). This statute prohibits "any unlawful, unfair or fraudulent business act or practice." It "defines unfair competition very broadly, to include anything that can properly be called a business practice and that at the same time is forbidden by law." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (internal quotation marks omitted). "Each prong of the UCL is a separate and distinct theory of liability," with the "unlawful," "unfair," and "fraudulent" prongs each offering "an independent basis for relief." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Under the "unlawful" prong of the UCL, "section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008) (internal quotation marks omitted).

Because Plaintiff has stated claims for violations of other laws, his UCL claim survives. Therefore, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV15-06658 JAK (Ex) | Date | May 16, 2016 |
| Title | Luis A. Marquez v. U.S. Bank, N.A. et al. | | |

Motion is **DENIED** as to the fifth cause of action.

### IV.     Conclusion

For the reasons stated in this order, the Motion to Remand is **DENIED**; the Motion to Dismiss is **GRANTED IN PART and DENIED IN PART**. Any amended Complaint shall be filed by May 31, 2016.

**IT IS SO ORDERED.**

                                                                                                                                    _____ : _____

                                                                                              Initials of Preparer    ak